# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT BLACK,   Case No. 1:10-cv-235
    Petitioner,

                                    Spiegel, J.
vs.   Wehrman, M.J.

WARDEN, ROSS CORRECTIONAL   **REPORT AND**
INSTITUTION,   **RECOMMENDATION**
    Respondent.

      Petitioner, an inmate in state custody, filed a *pro se* petition for writ of habeas corpus challenging his incarceration based on his 1998 convictions for aggravated robbery with firearm specifications in the Hamilton County, Ohio, Court of Common Pleas. (Doc. 1).  The instant petition alleges claims of sentencing error at his original sentencing hearing in 1998, a defective indictment, lack of subject matter jurisdiction based on the defective indictment, and insufficient evidence in violation of petitioner's constitutional rights. *Id*.  This matter is before the Court on respondent's motion to dismiss or, in the alternative, to transfer the petition (Doc. 8), to which petitioner has not responded.

      It appears from the record presented that this is not the first federal habeas corpus petition filed by petitioner with this Court challenging his 1998 conviction and sentence.  The first petition was denied on April 15, 2002. (Doc. 8, Exh. 23; *see also Black v. Russell,* Case No. 1:01-cv-360 (Weber, J.; Sherman, M.J.)(Docs. 22, 23)).  Respondent contends that the instant petition is subject to dismissal or transfer to the United States Court of Appeals for the Sixth Circuit on the ground that it constitutes a "successive petition" over which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244(b)(3)(A). (Doc. 8).

      Pursuant to 28 U.S.C. § 2244(b)(1), this Court must dismiss a claim presented in a second

or successive habeas corpus petition that was raised in a prior petition. In addition, the Court must dismiss a claim presented in a second or successive petition, which petitioner did not include in a prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before a district court can consider a successive petition, petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

In this case, petitioner seeks to bring new claims concerning an error in sentencing, a defective indictment and lack of jurisdiction based thereon, and insufficient evidence to convict, all claims not raised, but which could have been raised in his first petition before this Court. Petitioner is attacking the same conviction and sentence challenged in his prior petition. (*See* Doc. 1). The Court's decision denying the prior petition based on the ground that it is time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) constitutes an adjudication on the merits. *See In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). In such a case, the prisoner must obtain

authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application.  Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).  Accordingly, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (Doc. 8) be **DENIED**.  However, because this Court lacks jurisdiction to consider the successive petition, it is **FURTHER RECOMMENDED** that respondent's alternative motion to transfer the petition to the Sixth Circuit for a determination as to whether the district court may review it (Doc. 8) be **GRANTED**.

**IT  IS  THEREFORE  RECOMMENDED  THAT:**

1.  Respondent's motion to dismiss the petition (Doc. 8) be **DENIED** because this Court lacks jurisdiction over the matter.

2.  Respondent's alternative motion to transfer (Doc. 8) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

Date: July 16, 2010                                        s/ J. Gregory Wehrman
                                                                                                              J. Gregory Wehrman
                                                                                                              United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT BLACK,  
    Petitioner,

vs.

WARDEN, ROSS CORRECTIONAL INSTITUTION,  
    Respondent

Case No. 1:10-cv-235

Spiegel, J.  
Wehrman, M.J.

### NOTICE

Attached hereto is a Report and Recommendation in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FOURTEEN (14) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).