```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| ROBERT BLACK, | : | NO. 1:10-CV-00235 |
| Petitioner, | : |  |
| vs. | : | **OPINION AND ORDER** |
| WARDEN, ROSS CORRECTIONAL INSTITUTION, | : |  |
| Respondent. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 9), and Petitioner's Objections (doc. 14). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Respondent's Motion to Dimiss the Petition (doc. 8) for lack of jurisdiction over this matter, GRANTS Respondent's Alternative Motion to Transfer (doc. 8), and TRANSFERS this matter to the Sixth Circuit Court of Appeals for a determination as to whether the district court may review it.

In his pro se Petition for a writ of habeas corpus, Petitioner challenges his incarceration based on his 1998 convictions for aggravated robbery with firearm specifications in the Hamilton County, Ohio, Court of Common Pleas (doc. 1). Petitioner brings claims of sentencing error at his original sentencing hearing in 1998, a defective indictment, lack of subject matter jurisdiction based on the defective indictment, and

insufficient evidence in violation of his constitutional rights (Id.). Respondent has moved to dismiss the Petition, or in the alternative, to transfer it to the Court of Appeals (doc. 8).

The Magistrate Judge reviewed the record and found well-taken Respondent's argument that this matter should be subject to transfer because it constitutes a successive petition over which the district court lacks jurisdiction to consider under 28 U.S.C. § 2244(b)(3)(A) (doc. 9). Petitioner already filed a Petition attacking his conviction and sentence, which the Court denied on April 15, 2002 (Id.). The Magistrate Judge noted that the Court could review the instant petition only if Petitioner would make a prima facie showing to the Court of Appeals that 1) his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or that 2) the factual basis of his claim could not have been discovered through the exercise of due diligence, and the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the Petitioner guilty of the underlying offense (Id. citing 28 U.S.C. 2244(b)(2)). As such, the Magistrate Judge recommended the Respondent's motion to dismiss be denied for lack of jurisdiction, and that its alternative motion to transfer be granted, so that the Sixth Circuit can determine whether the district court may review the Petition (Id.).

Petitioner filed a lengthy Objection contending that he challenges his January 24, 2008 resentencing, and therefore his Petition is not a second or successive Petition, as there was no way for him to raise resentencing issues in his previous Petition (doc. 14).  However, the substance of his challenge is grounded in the terms of his original sentencing, as well as a claim that the state did not prove its burden beyond a reasonable doubt, based on the theory that he was mis-identified by witnesses (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-taken.  Despite Petitioner's Objection, it is clear that his Petition is a successive Petition and this Court lacks jurisdiction to consider it.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9), DENIES Respondent's Motion to Dismiss (doc. 8) because this court lacks jurisdiction over the matter, GRANTS Respondent's alternative motion to transfer (doc. 8), and TRANSFERS this matter pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the Petition in accordance with 28 U.S.C. § 2244(b).

SO ORDERED.


Dated: January 5, 2011          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge